United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-60174
Summary Calendar

JOAN STEED; FRANK STEED,

Plaintiffs-Appellants,

versus

GRAIN DEALERS MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Mississippi
(USDC No. 2:03-CV-284)

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Reviewing the district court's grant of summary judgment de novo, we affirm

for the following reasons:

 1.    Grain Dealers's argued in its motion for summary judgment that the

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Steeds could not succeed on their breach of contract cause of action because the insurance policy was void due to material misrepresentations made by Joan Steed. It submitted evidence supporting its claim of material misrepresentations. It also argued that the Steeds could not succeed on their bad faith claims denial cause of action because they had no evidence that Grain Dealers acted maliciously in denying the claim. To survive summary judgment, the Steeds were then required to "submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause[s] of action," *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003), and articulate how that evidence supported their claims, *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

2. The Steeds' statement in their "Response to Summary Judgment Motion and Request for a Continuance" that they "deny making any misrepresentations during the application or claims process and further believe that Defendant is guilty of wrongful post claims underwriting" was insufficient to discharge their summary judgment burden. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) ("[C]onclusory allegations unsupported by concrete and particular facts

2

will not prevent an award of summary judgment."). Nor was that burden discharged by the fact that Grain Dealers's summary judgment evidence contained sworn testimony by Joan Steed denying having made misrepresentations. The Steeds did not identify that evidence to the district court. *Malacara*, 353 F.3d at 405 ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Because the Steeds failed to respond to Grain Dealers's summary judgment motion by identifying or submitting evidence establishing a genuine issue for trial, summary judgment was proper. *See id.* at 404.

AFFIRMED.